UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS A. BERROA SANTANA,

    Petitioner,

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 09-2290 (DRD)
Criminal No. 08-278 (DRD)

28 U.S.C. § 2255

## AMENDED OPINION AND ORDER NUNC PRO TUNC
## ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is petitioner Luis A. Berroa Santana's ("Berroa-Santana") *Motion To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody* pursuant to 28 U.S.C. § 2255. *See* Docket No. 1. Petitioner alleges ineffective assistance of counsel on two grounds: (a) defense counsel failed to explain the Petitioner the consequences of waiving the right to appeal at the stage of the change of plea and sentencing; (b) counsel failed to challenge the imposition of a consecutive sentence, as to a weapon he accepted usage in furtherance to a drug trafficking offense, as opposed to serving concurrent sentences.

This matter was referred to United States Magistrate Judge Justo Arenas ("Magistrate Judge Arenas" or "Magistrate Judge"), who recommended, through a *Report and Recommendation* entered on February 10, 2012, that the petitioner's motion for post-conviction relief be denied. *See* Docket No. 9. As of this date, the *Report and Recommendation* issued by Magistrate Judge Arenas stands unopposed. For the reasons set forth below, the petitioner's motion under 28 U.S.C. § 2255 is denied without evidentiary hearing, as the written record of the case pellucidly demonstrates that he was duly forewarned as to the waiver of appeal, and as to the consecutive weapon sentence.

## Standard of Review

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); Rule 72(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."); Rule 72 of the Local Rules for the District of Puerto Rico ("Local Rules"). *See Mathews v. Weber*, 423 U.S. 261 (1976). As a general rule, an adversely affected party may contest the Magistrate Judge's report and recommendation by filing its objections within fourteen (14) days after being served a copy thereof. *See* Local Rule 72; Fed.R.Civ.P. 72(b). Moreover, 28 U.S.C. § 636(b)(1), in its pertinent part, provides that:

> Within fourteen days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

However, "[a]bsent objection by the plaintiffs, [a] district court ha[s] a right to assume that [a party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985), *cert. denied*, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." *Davet v. Maccarone*, 973 F.2d 22, 30-31 (1ˢᵗ Cir. 1992). Thus, in order to accept the unopposed *Report and Recommendation*, the Court needs only satisfy itself by ascertaining that there is no "plain error" on the face of the record. *See Douglass v. United Servs. Auto, Ass'n*, 79 F.3d 1415, 1419 (5th Cir. 1996)(*en banc*)(extending the deferential "plain error" standard of review to the unobjected legal conclusions of a magistrate judge); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)(*en banc*)(appeal from district

2

court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); *Nogueras-Cartagena v. United States*, 172 F.Supp.2d 296, 305 (D.P.R. 2001) ("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding Fed.R.Civ.P 72(b)); *Garcia v. I.N.S.*, 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)("when no objections are filed, the district court need only review the record for plain error").

In the instant case, the Magistrate Judge issued a *Report and Recommendation* on February 10, 2012, Docket No. 9.  The Magistrate Judge granted the parties fourteen days to object the *Report and Recommendation,* from its receipt.  The record shows that, as of this date, after more than a one year of patience waiting, the *Report and Recommendation* stands unopposed.  We therefor review the Magistrate's *Report and Recommendation* only under "clear erroneous" or "plain error" standard.

## Factual and Procedural Background

Magistrate Judge Arenas recommended that petitioner's § 2255 be denied on several grounds, to wit: (a) Berroa-Santana's petition is time barred, and (b) counsel's performance was reasonable, as the record reflects that the two grounds for relief were duly explained by both the Magistrate Judge at the plea colloquy, and the district court before the sentencing, thereby mooting any potential error by counsel.

Petitioner Berroa-Santana together with two other defendants "were charged in a two count information with aiding and abetting each other in knowingly and intentionally possessing with intent to distribute five hundred grams or more of a mixture or substance containing detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, on board a vessel subject to

the jurisdiction of the United States, that is, a vessel in the contiguous zone of the United States, that is a hovering vessel, as defined in Title 46 of the United States Code, Section 70502(c)(1)(F)(iii)." *Report and Recommendation*, Docket No. 9, pages 1-2.

The record further shows that Berroa-Santana and others were arrested aboard a vessel off the coast of Desecheo Island, which is an island within the territorial waters of Puerto Rico and within the contiguous zone of the United States. *Report and Recommendation*, Docket No. 9, page 3. The vessel was navigating north toward Puerto Rico without lights. *Id.* "The vessel was intercepted on April 16, 2008 by U.S. Customs and Border Protection Marine Units" (hereinafter "Customs"). *Id.* At the time of the arrest of Berroa-Santana and others, Customs found aboard the vessel, "six bales containing a total of 174 brick-shaped packages containing cocaine ... together with an AK-47 assault rifle." *Id.* It appears that the vessel departed from the Dominican Republic. *Id.* "A complaint was filed on April 17, 2008 under Misc. No. 08-252 (BJM)." *Id.* On May 1, 2008, a preliminary hearing was held by the Magistrate Judge McGiverin, and Berroa-Santana was ordered detained until trial. *Id.*, pages 3-4. Petitioner was indicted on July 31, 2008 on four counts consisting of two conspiracy counts and two substantive counts under Criminal No. 08-278 (DRD). *Id.* Berroa-Santana waived the *Indictment* on July 31, 2008. *Id.*, page 4.

Later that same date, that is, July 31, 2008, Berroa-Santana "entered a guilty plea to the information based upon a plea agreement signed by petitioner on the same day." *Id.* The Court record shows that, Petitioner Berroa-Santana pled guilty to two counts, to wit: (a) Count One charging the defendant Berroa-Santana with aiding and abetting others, known and unknown individuals, "did knowingly and intentionally possess with the intent to distribute five hundred (500) grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II,

4

Narcotic Drug Controlled Substance, on board a vessel subject to the jurisdiction of the United States, that is a vessel in the contiguous zone of the United States, that is a hovering vessel, as defined in Title 46, United States Code, Section 70502(c)(1)(F)(iii)." *Plea Agreement* of July 31, 2008, Docket No. 15, Criminal No. 08-278 (DRD). "The District Court of Puerto Rico was the first point where the defendant and his co-defendants, Angel R. Romero Santana and Gregorio Espinal Gutiérrez, entered the United States after the commission of the offense." "All in violation of Title 46, United States Code, Sections 70503(a)(1), 7054(b)(1) and Title 18, United States Code, § 2." *Id.*; and, (b) Count Two which charges Berroa-Santana with aiding and abetting by others both known and unknown with knowingly possessing a firearm "AK-47 assault rifle, during and in relation to a drug trafficking crime for which he may be prosecuted in a Court of the United States, to wit: possession with intent to distribute five hundred (500) grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance, on board a vessel subject to the jurisdiction of the United States. In violation of Title 18, United States Code, Section 2. " *Plea Agreement* of July 31, 2008, Docket No. 08-180 (DRD). [1]

The *Plea Agreement* of July 31, 2008, provides several covenants that are critical when determining Berroa-Santana's petition. The *Plea Agreement* has 18 covenants and a Government's Version of the Facts, which the Petitioner specifically agreed with. The Court deems relevant the following:

11.    SATISFACTION WITH COUNSEL

The defendant [Berroa-Santana] represents to the Court to be satisfied

---

[1]    "The *Indictment* was dismissed on November 12, 2008." *Report and Recommendation*, Docket No. 9, page 4.

5

with counsel, Jorge Gerena, Esq., and indicates that counsel has rendered effective legal assistance.

17.   WAIVER OF TRIAL

The defendant hereby agrees that if this Honorable Court accepts this agreement and sentences him according to its terms, conditions and recommendations, defendant waives and surrenders his right to appeal the judgment and sentence in this case.

18.   VOLUNTARINESS OF GUILTY PLEA

The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty.

*See Plea Agreement* of July 31, 2008, Docket No. 15, Criminal No. 278 (DRD). *See also* the

Transcript of the Sentencing Hearing of October 31, 2008, Criminal No. 278, Docket No. 49, page 6,

the allocution made by Berroa-Santana to the Court at the Sentencing Hearing:

**THE DEFENDANT:** Your Honor, with all due respect, I would like to say that I am very repentant of what I've done. I am the father of five children, and things are not very comfortable back there in the Dominican Republic. I thought that things would be okay, but I've come to realize I've encountered a big problem, and I know I've caused my children a lot of pain, that is the reason why I am repentant, and I present my apologies to the United States. Thank you, Your Honor.

Based on these premises, the Court adopts the following factual findings made by the

Magistrate Judge, and incorporates them herein:

On December 29, 2009, petitioner Luis A. Berroa Santana filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. ( Docket No. 1.) Before addressing the substance of his motion, petitioner notes that the reason that he was unable to file the petition before within the statute (of limitations) was that on October 24, 2009, he was called to FCI Coleman R & D to pack all of his legal documents and personal property to be transferred to a new correctional facility. (Docket No. 1-2). Once at Adams CCC, he had to wait 14 days for the delivery of all of his legal documents and

his personal property. At Adams CCC, the law library is very limited and the access is controlled by inmate capacity and controlled movements, which limits the inmates' access to the library use. Id. Since he is not able to read or write English and his education is very poor, he had to ask assistance from other inmates to file his 2255 motion. Furthermore, he has no understanding or knowledge about the U.S. Constitution and laws as to file a 2255 motion, and had to ask other inmates for assistance. Id. He notes that it took him more than two weeks to file and prepare the motion to vacate sentence. Id. at 2.

**Petitioner claims that he suffered ineffective assistance of counsel since his attorney failed to advise him of the consequences of his waiver of appeal contained in the plea agreement. Petitioner also argues that counsel was ineffective by failing at sentencing to challenge the imposition of consecutive sentences as to Counts One and Two of the [Information].** (Docket No. 1 at 5.) He argues that failure to argue these points was prejudicial. Petitioner asks for an evidentiary hearing to prove he is entitled to relief. He also argues that counsel was ineffective because he failed to "advise the Movant to waive his right to appeal." *Id.* at 10.

On August 12, 2010, **the government filed a response in opposition to the petitioner's motion arguing basically that it should be summarily denied because it is untimely. It notes that judgment was entered on November 3, 2008 and that no appeal was filed. Therefore the conviction became final on November 17, 2008. *See Atkins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). The petition was signed on December 20, 2009, thus arguably making it late. The government responds to the merits of petitioner's motion, quoting extensively from the Change of Plea hearing in relation to the waiver of appeal condition of the plea agreement as well as the issue of consecutive sentences.**

Petitioner filed a reply to the response on September 7, 2010 (Docket No. 6). In his second sentence, petitioner informs the court that he was sentenced to 70 months imprisonment. He is confused. Petitioner was sentenced to 60 + 60 months for a total of 120 months imprisonment. **Conceding that the petition must be filed within a year of the final judgment of conviction, petitioner notes that the period may be equitably tolled on grounds apart from the specific statute, and that tolling is allowed in only extraordinary circumstances**. *See Lattimore v. Dubois*, 311 F.3d 46 (1st Cir.2002); *Trenkler v. United States*, 268 F.3d 16, 25 (1st Cir. 2001); *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001). Petitioner notes the reasons for equitable tolling being his lack of knowledge of the English language, as well as the fact that because of his transfer, it took more than

three weeks for the delivery of his personal property. He also addresses the merit of his motion, noting the ineffective assistance of counsel in not warning him prior to the plea colloquy about the consequences of the appeal waiver. Petitioner also argues that counsel should have argued for concurrent sentences.[2] (Emphasis ours).

*Report and Recommendation*, Docket No. 9, pages 4-6.

### Applicable Law and Discussion

After a careful review of the Magistrate Judge's thorough *Report and Recommendation*, Docket No. 9, the Court finds that there is no clear error. Hence, the Court hereby adopts the legal analysis made by Magistrate Judge Arenas. *Report and Recommendation*, Docket No. 9, pages 6-23.

### *Limitations*

The Antiterrorism and Effective Death Penalty Act instituted a limitations period of one year from the date on which a prisoner's conviction became final within which to seek federal habeas relief. *See Pratt v. United States*, 129 F.3d 54, 58 (1st Cir. 1997). The current petition was filed over a year from the date petitioner's sentence became final and unappealable. However,

---

[2]     The Court adds that the defendant knew since his plea agreement colloquy that was held before the Magistrate Judge, and later prior to the sentencing hearing before the district judge that the sentencing was for two sixty months consecutive sentences, as the proceedings were duly translated to him (*see* discussion *infra*). Further, Berroa-Santana signed the plea and acknowledged that the *Plea Agreement* was translated and explained to him. *See* Criminal No. 08-278 (DRD), Docket No. 54, pages 32-33 (wherein Berroa-Santana acknowleged having signed and received the translation of the *Plea Agreement*). Furthermore, Berroa-Santana signed and included his initials on each page of the *Plea Agreement*. *See* Docket No. 15. The *Report and Recommendation* issued by the Magistrate Judge clearly indicates that the defendant had to serve a consecutive sentence as to the weapon charge. *See* Criminal No. 08-278(2) (DRD) Docket No. 13, page 4. The Minutes of the proceedings held on July 31, 2008, Criminal No. 08-278(2) (DRD), Docket No. 10, clearly indicate that the plea hearing was held with the services of a Court interpreter, Hilda Gutiérrez.

| Question: | Do you understand that the Court must impose the penalty as to Count Two consecutively to the penalty on Count One? |
|---|---|
| Answer: | Yes, Sir. |
| Answer: | Yes, Sir [defendant number 2: Luis A. Berroa-Santana]. |
| Answer: | Yes, Sir. |

The Magistrate Judge then proceeded to explain the scope of the sentences to be imposed, that is, a minimum of five years, 10 years or 30 years. *See* Criminal No. 08-278 (DRD), Docket No. 54, page 42.

the inquiry does not necessarily stop there. In its pertinent part, section 2255 reads:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6.

The argument of the United States, that the petition is time-barred, is correct. The petition describes circumstances that may fall within an exception which would equitably toll the limitations period of the statute. *See e.g. Ramos-Martínez v. United States*, 638 F.3d 315, 321-24 (1st Cir. 2011). To carry the burden of establishing the basis for equitable tolling, the petitioner must show "' "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Id.* at 323, quoting *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010), which in turn quotes *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). **The three week period waiting for his personal belongings and papers to arrive at another prison does not qualify as extraordinary circumstances which would support equitable tolling. There is no showing of due diligence on the part of the petitioner in seeking relief. There is a vacuum of information as to the rest of the time in prisons prior to the filing to place the court in a position to toll the period of limitations based upon  considerations of equity. *See Barreto-Barreto v. United States*, 551 F.3d 95,  101 (1st Cir. 2008); *Cordle v. Guarino*, 428 F.3d 46, 48-49 (1st Cir.2005); *Akins v. United States*, 204 F3d. at 1089-90.** As in the case of the co-defendants, I am not ignoring the fact that petitioner does not read or write English but it also taxes credulity to believe that there were no bilingual inmates, nor correctional personnel nor inmate law clerks, or jailhouse lawyers in Coleman FCI, which could have assisted petitioner in timely exercising his rights. **Having difficulty with the English language**

9

is not an extraordinary circumstance to justify tolling the time requirement in § 2255. *Pava v. United States*, 2011 WL 1337510 at 4, citing *United States v. Montano*, 398 F.3d 1276, 1280, n.5 (11th Cir. 2005); *see Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Petitioner's argument is also undeveloped. Nevertheless, I discuss the merits of the petition with the clear admonition that petitioner's allegations related to the merits are contradicted by the record, and particularly his statements given under oath. This contrast between what is argued here, and attested to, and what was said to the judicial officers is a factor which weighs heavily against equitable tolling of the limitations period. (Emphasis by the district court).

### 28 U.S.C. § 2255

Under 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

the sentence was imposed in violation of the Constitution
or laws of the United States, or that the court was
without jurisdiction to impose such sentence, or that the
sentence was in excess of the maximum authorized by
law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426-27 n.3 (1962); *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). The burden is on the petitioner to show his or her entitlement to relief under section 2255, *David v. United States*, 134 F.3d at 474, including his or her entitlement to an evidentiary hearing. *Cody v. United States*, 249 F.3d 47, 54 (1st Cir.2001) (quoting *United States v. McGill*, 11 F.3d 223, 225 (1st Cir.1993)). Petitioner has sought an evidentiary hearing. It has been held that an evidentiary hearing is not necessary if the 2255 motion is inadequate on its face or if, even though facially adequate, "is conclusively refuted as to the alleged facts by the files and records of the case." *United States v. McGill*, 11 F.3d at 226 (quoting *Moran v. Hogan*, 494 F.2d 1220, 1222 (1st Cir. 1974)). "In other words, a '§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" *United States v. McGill*, 11 F.3d at 226 (quoting *Shraiar v. United States*, 736 F.2d 817, 818 (1st Cir. 1984)).

### Ineffective Assistance of Counsel

"In all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel for his defence." U.S. Const. Amend. 6. To establish

a claim of ineffective assistance of counsel, a petitioner "must show that counsel's performance was deficient," and that the deficiency prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This inquiry involves a two part test." Rosado v. Allen, 482 F. Supp. 2d 94, 101 (D. Mass. 2007). "First, a defendant must show that, 'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'" *Id.* (quoting *Strickland v. Washington*, 466 U.S. at 690.) "This evaluation of counsel's performance 'demands a fairly tolerant approach.'" *Rosado v. Allen*, 482 F. Supp. 2d at 101 (quoting Scarpa v. DuBois, 38 F.3d 1, 8 (1st Cir. 1994)). "The court must apply the performance standard 'not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented.'" *Rosado v. Allen*, 482 F. Supp. 2d at 101 (quoting *United States v. Natanel*, 938 F.2d 302, 309 (1st Cir. 1991)). The test includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Smullen v. United States*, 94 F.3d 20, 23 (1st Cir. 1996) (quoting *Strickland v. Washington*, 466 U.S. at 689). "Second, a defendant must establish that prejudice resulted 'in consequence of counsel's blunders,' which entails 'a showing of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."'" *Rosado v. Allen*, 482 F. Supp. 2d at 101 (quoting *Scarpa v. DuBois*, 38 F.3d at 8) (quoting *Strickland v. Washington*, 466 U.S. at 694); *see Mattei-Albizu v. United States*, 699 F. Supp. 2d 404, 407 (D.P.R. 2010). However, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Argencourt v. United States*, 78 F.3d 14, 16 (1st Cir.1996) (quoting *Strickland v. Washington*, 466 U.S. at 691). Thus, "[c]ounsel's actions are to be judged 'in light of the whole record, including the facts of the case, the trial transcript, the exhibits, and the applicable substantive law.'" *Rosado v. Allen*, 482 F. Supp. 2d at 101 (quoting *Scarpa v. DuBois*, 38 F.3d at 15). The defendant bears the burden of proof for both elements of the test. *Cirilo-Muñoz v. United States*, 404 F.3d 527, 530 (1st Cir.2005), *cert. denied*, 525 U.S. 942 (2010), (citing *Scarpa v. DuBois*, 38 F.3d at 8-9).

In *Hill v. Lockhart,* the Supreme Court applied *Strickland*'s two-part test to ineffective assistance of counsel claims in the guilty plea context. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985) ("We hold, therefore, that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."). As the *Hill* Court explained, "[i]n the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in [other cases]. The second, or 'prejudice,' requirement, on

the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. at 58-59. Accordingly, petitioner would have to show that there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

Petitioner wants an evidentiary hearing. If I compare his affidavit and his testimony at the change of plea hearing and sentencing hearing, I am faced with stark contradictions. The plea agreement was exactly what was negotiated and while petitioner was put on notice that the court was not bound by the plea agreement and the recommendation of the prosecution, he received the most favorable sentence under the circumstances. Each page of the plea agreement is initialed by petitioner. Judges have a right to rely on the words and representation of defendants who plea guilty before them.[3]

There is no credible evidence to support the petitioner's claim that his attorney's representation fell below an objective standard of reasonableness, nor does the record support that but for the alleged errors by the attorney, petitioner instead of pleading guilty would have proceeded to trial, or stood fast for a more favorable plea offer. Indeed, petitioner does not announce that he wishes to withdraw his guilty plea but rather wishes (probably) for the court to re-sentence him to concurrent sentences, something it cannot do, or to allow him to appeal. Generically, petitioner asks for all relief he is entitled to. (Docket No. 1 at 13.)

At the plea hearing on July 31, 2008 before United States Magistrate Judge Marcos López, petitioner and both other defendants were placed under oath. (Docket No. 54 at 3.)[Fn. 2] The judge explained to the three that if they did not understand a question, he would rephrase the question. Petitioner understood that. (Docket No. 54 at 4.) Of the three defendants, petitioner was designated to answer second. The importance of answering questions truthfully was stressed

[Fn. 2  Docket No. 54 relates to the transcript of the change of plea hearing held on July 31, 2008 before the Honorable Marcos López. (Crim No. 08-278 (DRD)).]

to petitioner by the judge. Petitioner was asked if he was aware of the charges

---

[3]     The Court sentenced the defendant to 60 months for the drug violation and 60 months to be served consecutively for the 18 U.S.C. § 924(c)(1)(A) possession of a firearm in furtherance of a drug trafficking crime. The Court properly warned the defendant as to the consecutive sentence. However, the defendant/petitioner now seeks a concurrent sentence, which is against the law, as a § 924(c)(1)(A) violation is mandated to be a consecutive sentence.

in the information and if he had discussed the charges with his attorney. When petitioner said he was able to understand a little, the judge asked him, "Sir, were you able to understand when you discussed the indictment - - information with your attorney what is it that you are going to be accused of in those two charges?" Petitioner answered "Yes." (Docket No. 54 at 9.) Petitioner noted that he was there "to plead guilty". (Docket No. 54 at 9.) He also noted that his attorney had provided effective legal representation and that he had discussed pleading guilty with his attorney. The magistrate judge conducted the traditional plea colloquy with petitioner. The forms petitioner signed were read in the Spanish language to him and an interpreter translated the proceedings simultaneously. Petitioner acknowledged that he understood that by pleading guilty, he would be found guilty and no longer presumed innocence as to both counts of the information. (Docket No. 54 at 26.) Petitioner also understood that as a non U.S. citizen, there were administrative consequences to his guilty plea, such as deportation. (Docket No. 54 at 27.) Petitioner understood that even if a maximum penalty were imposed, the plea could not be withdrawn. (Docket No. 54 at 28.) The magistrate judge was meticulous with petitioner in relation to the plea agreement, making reference to the initials on the pages of the plea agreement, which initials petitioner acknowledged as his own, as well as his signature. (Docket No. 54 at 30.) **Petitioner acknowledged that the plea agreement was explained to him by his attorney in the Spanish language. (Docket No. 54 at 33.)[4]** The defense attorney in court noted that the plea agreement was translated for the defendant by him. (Docket No. 54 at 33.) Petitioner also acknowledged having a reasonable opportunity to clarify any questions or doubts that he had about the plea agreement with the attorney. (Docket No. 54 at 33.) The prosecutor announced that the plea was a package deal but the magistrate judge informed the three defendants that if they felt they were innocent, they should not be pleading guilty simply because the other two are pleading guilty. The three understood that. (Docket No. 54 at 36.) Petitioner answered "Yes, sir" to the following question: "Am I to understand, then, that you're pleading guilty voluntarily and willingly because you honestly believe and that you are guilty of the two offenses charged in the information?" (Docket No. 54 at 38.) (Emphasis ours).

**Again, the judge meticulously read each count separately and asked petitioner as to both if this is one of the charges he was pleading guilty to. The magistrate judge then asked, "Do you understand that the Court must impose the penalty as to count two consecutively to the penalty on**

---

[4]     *See* Criminal No. 08-278 (DRD), Docket No. 54, Transcript of the hearing of the *Plea Agreement* held on July 31, 2008 in the case of *United States of America v. Angel Rafael Romero Santana, Luis Antonio Berroa Santana, Gregorio Espinal Gutiérrez.*

count one?" **Petitioner and the other two defendants answered "Yes".
(Docket No. 54 at 42.)**[5] Petitioner understood the explanation of the
Sentencing Guidelines and understood that the Court could not sentence
below the statutory minimum. (Docket No. 54 at 45.) (Emphasis by the
district court).

The magistrate judge explained the waiver of appeal clause and petition and
the others acknowledged understanding the consequences of the waiver of
appeal clause. (Docket No. 54 at 47.) Petitioner accepted the version of facts
outlined by the prosecutor, including the possession of the cocaine and
assault rifle. (Docket No. 54 at 48-49.) Petitioner then admitted committing
the offenses charged. (Docket No. 54 at 50.) Petitioner pleaded guilty as to
both counts one and two. (Docket No. 54 at 51.)

At sentencing before the Honorable Daniel R. Domínguez, petitioner was
carefully explained by the judge as follows: "Sir, the plea agreement contains
a waiver of appeal, and this waiver of appeal is triggered if the court accepts
the recommendations for sentencing in this case. The recommendations are
a reduced sentence of 60 months for the drugs, wherein the district attorney
and your counsel substantially reduce the amount of drugs, reduce the amount
of drugs, consecutive sentence, additional one for sixty months for the
weapon charge. Do you understand that?" Petitioner answered, "Yes, sir."
(Docket No. 49 at 4.) [Fn. 3] The petitioner clearly understood that he was
being sentenced to the

> [Fn. 3 Docket No. 49 relates to the transcript of the sentencing
> hearing held on October 31, 2008 before the Honorable
> Daniel R. Domínguez. (Crim No. 08-278 (DRD)).]

bare statutory minimums. (Docket No. 49 at 4.) Again, petitioner understood
that his sentence must be consecutive. (Docket No. 49 at 4.)

Having related the proceedings before the district court, I note that "[w]hen
a criminal defendant has solemnly admitted in open court that he is in fact
guilty of the offense with which he is charged, he may not thereafter raise
independent claims relating to the deprivation of constitutional rights that
occurred prior to the entry of the guilty plea." *Lefkowitz v. Newsome*,
420 U.S. 283, 288 (1975) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267
(1973)); *see Nieves-Ramos v. United States*, 430 F. Supp. 2d 38, 43 (D.P.R.

---

[5]     The district court adds that from the *Plea Agreement* document, it is further clear that the sentence
for the possession of the weapon in furtherance of a drug trafficking crime is to be served CONSECUTIVELY. *See*
Criminal No. 08-278 (DRD), Docket No. 15, covenant number 17, page 4.

2006); *Caraballo Terán v. United States*, 975 F. Supp. 129, 134 (D.P.R. 1997).

Petitioner overlooks the fact that his attorney negotiated a favorable plea agreement with the government, and if one considers what sentence he might have received after trial or after a straight plea, particularly in a case involving a an assault rifle (which carries a maximum sentence of life imprisonment), and a huge amount of cocaine, substantially reduced for purposes of accountability, petitioner could have faced three times his sentence or more, just like the other two defendants who accepted the plea offer. It is well settled that a court "will not permit a defendant to turn his back on his own representations to the court merely because it would suit his convenience to do so." *United States v. Parrilla-Tirado*, 22 F.3d 368, 373 (1st Cir.1994) (quoting *United States v. Pellerito*, 878 F.2d 1535, 1539 (1st Cir.1989)). "[I]t is the policy of the law to hold litigants to their assurances at a plea colloquy." *Torres-Quiles v. United States*, 379 F. Supp. 2d 241, 248-49 (D.P.R.2005) (citing *United States v. Marrero-Rivera*, 124 F.3d 342, 349 (1st Cir. 1997)). Thus, the petitioner "should not be heard to controvert his Rule 11 statements . . . unless he [has] offer[ed] a valid reason why he should be permitted to depart from the apparent truth of his earlier statement[s]." *United States v. Butt*, 731 F.2d 75, 80 (1st Cir. 1984). "[T]he presumption of truthfulness of the Rule 11 statements will not be overcome unless the allegations in the § 2255 motion are sufficient to state a claim of ineffective assistance of counsel and include credible, valid reasons why a departure from those earlier contradictory statements is now justified." *United States v. Butt*, 731 F.2d at 80 (citing *Crawford v. United States*, 519 F.2d 347, 350 (4th Cir. 1975)). The Supreme Court has noted that in the context of a challenged representation, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . . " *Strickland v. Washington*, 466 U.S. at 690. Because of the wide range of tactical decisions that a criminal defense attorney may be presented with in any given trial, judicial scrutiny of the attorney's performance must be "highly deferential" and indulge a strong presumption that the challenged action "might be considered sound trial strategy." *Id.* at 689. Indeed, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effect of hindsight . . . . " *Id.*

In relation to a motion to vacate sentence, ordinarily the court would have to "take petitioner's factual allegations 'as true,'" however it will not have to do so when like in this case "'they are contradicted by the record . . . and to the extent that they are merely conclusions rather than statements of fact.'" *Otero-Rivera v. United States*, 494 F.2d 900, 902 (1st Cir. 1974) (quoting

*Domenica v. United States*, 292 F.2d 483, 484 (1st Cir. 1961)).

Finally, the court also took into account the fact that the petitioner had accepted responsibility for his criminal conduct in a timely manner, therefore granting him a three-level reduction. Docket No. 49 at 9. The government also acknowledged facts beneficial to petitioner when it could have been less munificent. All three defendants received the same sentence. All three have filed similar motions to vacate sentence. It is clear then that the petitioner was adequately represented by his counsel and that his allegations are meritless.

"Under *Strickland v. Washington*, . . . counsel is not incompetent merely because he may not be perfect. In real life, there is room not only for differences in judgment but even for mistakes, which are almost inevitable in a trial setting, so long as their quality or quantity do not mark out counsel as incompetent." *Arroyo v. United States*, 195 F.3d 54, 55 (1st Cir.1999). Petitioner has not satisfied the first prong of *Strickland*. The arguably inadequate and poor performance of his attorney did not contribute to the ultimate outcome of the criminal case. There were no errors of defense counsel that resulted in a violation of petitioner's right to adequate representation of counsel under the Sixth Amendment. For example, to argue concurrent sentences would have bordered on theater rather than law. There is no basis for petitioner's undeveloped argument and there is no basis for the also undeveloped waiver of appeal argument. It is a settled rule that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Nikijuluw v. Gonzales*, 427 F.3d 115, 120 n.3 (1st Cir.2005); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990).

In view of the above, I find that petitioner Luis Berroa Santana has failed to establish that his counsel's representation fell below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. at 686-87; *United States v. Downs-Moses*, 329 F.3d 253, 265 (1st Cir.2003). Furthermore, even if petitioner had succeeded in showing deficiencies in his legal representation, he is unable to establish that said deficiencies resulted in a prejudice against him in the criminal proceedings. *See Owens v. United States*, 483 F.3d 48, 63 (1st Cir.2007) (quoting *Strickland v. Washington*, 466 U.S. at 687-88). It is impossible to find that any claimed error has produced "'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" *Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994) (quoting *Hill v. United States*, 368 U.S. at 428).

*Conclusion*

I find that petitioner's motion under 2255 is time-barred and otherwise meritless. In view of the above, I recommend that petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 be DENIED without evidentiary hearing.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30-31 (1st Cir.1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir.1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.1980).

The Court fully agrees with the conclusion and the recommendation made by the Magistrate Judge Arenas, hence, the *Report and Recommendation*, Docket No. 9, is hereby adopted *in toto*, as supplemented herein.[6] The Court further finds no plain error in that the petition is time-barred. Further, there is no plain error in that the petitioner was not explained that the two sentences, as to the drug violation under 46 U.S.C. § 70502(c)(1)(F)(iii), and the possession of a weapon in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A), were to be served consecutively. The transcript and the *Plea Agreement* clearly belie defendant's allegations. Further, defendant entered into a waiver of appeal knowingly, *see* Criminal No. 08-278 (DRD), Docket

---

[6]       "The Court need not go further for it refuses to write at length to no other end than to hear its own words resonate as to the instances alleged as errors by plaintiff." Where as here, a [Magistrate] "has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate." *See Lawton v. State Mut. Life Assu. Co. Of Am.*, 101 F.3d 218, 220 (1st Cir.1996); *Ayala v. Unión de Tronquistas de Puerto Rico, Local 901*, 74 F.3d 344, 345 (1st Cir.1996); *In Re San Juan Dupont Plaza Hotel Fire Litig.*, 989 F.2d 36, 38 (1st Cir.1993).

No. 15, covenant number 17, page 8.[7] Petitioner was warned by the Magistrate Judge and the district court prior to sentencing, and after having been sentenced to what Berroa-Santana agreed, the waiver is valid. *See United States v. Nguyen*, 618 F.3d 72, 74 (1st Cir.2010). In *Nguyen*, the Court held:

> In general, a waiver of appellate rights is enforceable in a criminal case if and to the extent that the "defendant enter[ed] into it knowingly and voluntarily." *United States v. Teeter*, 257 F.3d 14, 24 (1st Cir.2001). Determining whether this benchmark has been achieved requires two steps, collectively comprising an appraisal of the nature and circumstances of the waiver itself. *Id.* First, the plea agreement must clearly set forth the scope and terms of the waiver. *Id.* Second, the sentencing court must pay particular heed to the waiver, questioning the defendant specifically about her understanding of the waiver provision and its ramifications. Id.

## The Second Petition Under 28 U.S.C. § 2255

The record shows that, on March 22, 2013, petitioner Berroa-Santana filed a second *Motion Under 28 U.S.C. § 2255(a)(f)(4) To Vacate The Sentence* (hereinafter the "second petition"), Docket No. 10. The Court notes that the second petition was filed over four years after the original petition under Section 2255, which was signed on December 20, 2009, and filed on December 29, 2009. A review of the second petition shows that Berroa-Santana is now alleging a different ground to appeal his sentence. Petitioner alleges that the sentence imposed is illegal as he was arrested in the high seas, and under the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. § 70501, *et seq.*,

---

[7]     The Magistrate Judge that presided the hearing of the *Plea Agreement* noted in the *Report and Recommendation* that he explained the waiver of appeal covenant to the defendant Berroa-Santana. *See Report and Recommendation*, Criminal No. 08-278 (DRD), Docket No. 13, page 5. A certified Court interpreter was present at the hearing. *See* Criminal No. 08-278 (DRD), Docket No. 10, Minutes of the *Plea Agreement*, wherein the defendant accepted having received the waiver of appeal explanation by his lawyer. *See* Criminal No. 08-278 (DRD), Docket No. 54, pages 46-47. The Magistrate Judge also explained the waiver of appeal consequences to Berroa-Santana. *Id.* at page 47.

his arrest is illegal. Petitioner Berroa-Santana was arrested nearby Desecheo Island,[8] that is, in territorial waters of the United States. *See Report and Recommendation*, Docket No. 9, page 4, and the *Plea Agreement*, Criminal No. 08-278 (DRD), Docket No. 15, page 11-12.[9] Contrary to the defendant's allegations, the MDLEA has been found constitutional by the courts in the jurisdiction of the First Circuit. *United States v. Nueci-Peña*, ___ F.3d ___, 2013 WL 1110862 (1st Cir. (Puerto Rico) (March 19, 2013)) (constitutionality of the MDLEA); *United States v. Angulo-Hernández, et al.*, 565 F.3d 2 (1st Cir.2009) ("MDLEA"); *United States v. Vilches-Navarrete*, 523 F.3d 1 (1st Cir.2008) ("MDLEA").

For the same reasons stated above, the Court finds that the second petition under § 2255 is time-barred, as it was filed on March 22, 2013, and the Berroa-Santana was sentenced on October 31, 2008. *See* Criminal No. 08-278 (DRD), Docket entries No. 33 (Judgment) and 49

---

[8]     "Desecheo is a small uninhabited island of the archipelago of Puerto Rico [United States] located in the northeast of the Mona Passage; 21 km from the west coast (Punta Higuero) of the main island of Puerto Rico and 50 km northeast of Mona Island. ... Politically, the island is administered by the U.S. Department of the Interior, U.S. Fish and Wildlife Service." http://e.wikipedia.org/wiki/Desecheo_Island. Desecheo Island is 14 miles off the coast of Rincón, Puerto Rico. http://www.topuertorico.org/citu/desecheo.shtml. *See Chhethry v. U.S. Department of Justice*, 490 F.3d 196, 199-200 (2d Cir.2007) (the court is authorized to take judicial notice of events published in the internet of ... "commonly known facts ... easily ... verifiable ... or contents of official documents").

[9]     *Plea Agreement*, Criminal No. 08-278 (DRD), Docket No. 15, pages 11-12, Government's Version of the Facts, provides in its relevant part:

> On April 16, 2008 CBP Marine Units were dispatched to search for a suspect Maritime Target of Interest, who they had received information was departing the Dominican Republic heading for Puerto Rico with a load of contraband. The vessel was spotted off the Coast of Desecheo Island, PR, navigating without lights traveling north west towards Puerto Rico. The vessel was intercepted by CBP Marine Units and found to have on board six (6) bales of brick-shaped packages containing a substance that was found to test positive for cocaine along with a loaded AK-47 assault rifle. The defendant [Berroa-Santana] along with defendants Angel R. Romero Santana and Gregorio Espinal Gutiérrez were placed under arrest. Defendant Luis A. Berroa-Santana along with co-defendant Gregorio Espinal Gutiérrez admitted that the vessel carrying the narcotics had departed the Dominican Republic and the narcotics were destined for Puerto Rico.

(Transcript of the October 31, 2008 Sentencing Hearing). Moreover, the petitioner is also barred from raising on a tardy appeal an argument that was not raised before in the original petition filed in the district court. *See United States v. Zannino*, 895 F.2d at 17. It is impermissible to accept a second petition under § 2255 after almost five years after his sentencing and judgment. There is nothing in the record, except the same rehash arguments raised in the first § 2255 petition that may warrant a different ruling.

### Certificate of Appealability

For the reasons previously stated, the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. § 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### Conclusion

For the reasons stated herein, the Court adopts *in toto* the Magistrate Judge's *Report and Recommendation,* Docket No. 9, and hereby denies petitioner's *Motions to Vacate, Set Aside, or Correct Criminal Sentence Pursuant to 28 U.S.C. § 2255*, Docket entries No. 1 and 10. Petitioner's claims are hereby dismissed with prejudice.

The *Report and Recommendation* issued by the Hon. Magistrate Judge Justo Arenas shall be published as an *addendum* of the instant *Amended Opinion and Order Adopting Report and Recommendation.*[10]

An amended judgment will be entered, notwithstanding that the final ruling remains unaltered.

---

[10]   The Court broadened the references of the record that were cited by Magistrate Judge Arenas.

20

This case is closed for all administrative and statistical purposes.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 12th day of April, 2013.

s/Daniel R. Domínguez
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE